# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DONALD MAHAN**                                                                                    **PLAINTIFF**

**V.**                              **NO. 4:21-cv-00870-BSM-ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of the Social Security Administration**                      **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I.     Introduction

On July 23, 2018, Donald Mahan filed a Title II application for disability and disability insurance benefits. *Tr. 10*. In the application, Mr. Mahan alleged disability beginning on May 11, 2018.[1] *Id*. In a September 1, 2020 written decision, an

---

[1] Mr. Mahan amended his alleged onset date to June 25, 2018. *Tr. 10.*

1

administrative law judge ("ALJ") found that Mr. Mahan was not disabled. *Tr. 10-22*. On August 5, 2021, the Appeals Council denied Mr. Mahan's request for review, making the ALJ's denial of benefits the Commissioner's final decision. *Tr. 1-4*. Mr. Mahan has requested judicial review.

For the reasons stated below, the Court should reverse the ALJ's decision and remand for further review.

## II.   The ALJ's Decision

The ALJ found that Mr. Mahan, who was 50 years old on the alleged onset date, had not engaged in substantial gainful activity since June 25, 2018.[2] *Tr. 12, 32-33*. At step two, the ALJ determined that Mr. Mahan has the following severe impairments: trauma-related disorder, depression, diabetes mellitus, and hypertension. *Id*.

The ALJ found that Mr. Mahan did not have an impairment or combination of impairments meeting or medically equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 12-14*. Next, the ALJ determined that Mr. Mahan had the residual functional capacity ("RFC") to perform light work with the

---

[2] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

following limitations: (1) work involving simple, routine, and repetitive tasks; and (2) supervision must be simple, direct, and concrete. *Tr. 14*.

Based on testimony from a Vocational Expert ("VE"), the ALJ determined that Mr. Mahan is capable of performing past relevant work as a Poultry Dresser. *Tr. 20, 54*. Relying on the VE's testimony and, considering Mr. Mahan's age, education, work experience, and RFC, the ALJ found that significant numbers of jobs existed in the national economy that he could perform, such as routing clerk, production assembler, and housekeeping cleaner. *Tr. 21*. Therefore, the ALJ found that Mr. Metcalf was not disabled. *Id.*

### III. Discussion

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

### B.    Mr. Mahan's Arguments for Reversal

Mr. Mahan contends that there is not substantial evidence supporting the ALJ's decision. He argues that the ALJ: (1) did not fully develop the record; (2) should have found obesity, diabetic peripheral neuropathy, and left pinky amputation to be severe impairments at step two; (3) did not fairly evaluate Mr. Mahan's mental impairments; and (4) erred in his RFC determination. The Court finds support for reversal with respect to Mr. Mahan's obesity.

On July 6, 2018, Mr. Mahan had a Body Mass Index ("BMI") of 40.3.[3]  *Tr. 625*. On January 23, 2019, he had a BMI of 42.3. *Tr. 1047*. On February 11, 2019,

---

[3] BMI is a person's weight in kilograms divided by the square of height in meters. A BMI of 40 or higher is classified as severe obesity. https://www.cdc.gov/obesity/basics/adult-defining.html

4

he was diagnosed as morbidly obese. *Tr. 1025*. By April 1, 2020, his BMI was 43.8. *Tr. 1202*.

Mr. Mahan's remaining impairments go hand-in-hand with obesity: poorly controlled diabetes mellitus, hypertension, and peripheral diabetic neuropathy. His AIC level was regularly well above normal. *Tr. 432, 596, 991*. Mr. Mahan, who admittedly did not follow a nutritious diet, said that pain in his hands, feet, and back made it hard to exercise. *Tr. 42, 50*.

An ALJ is required to consider, and to show that he considered, a claimant's obesity, especially when the claimant has impairments that are complicated by obesity. Social Security Ruling 02-01p, 2002 SSR LEXIS 1 "requires an ALJ to consider the effects of obesity when assessing RFC, including the fact that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." *DeWitt v. Astrue*, No. 09-3250, 381 Fed. Appx. 782, 2010 U.S. App. Lexis 11238, 2010 WL 2181759, at *2 (10th Cir. June 2, 2010) (unpublished) (internal quotations omitted). Courts from this Circuit have found cause for reversal when an ALJ fails to discuss obesity, even though the condition is apparent in the medical record and affects other impairments. *Bowen v. Astrue,* 2010 U.S. Dist. LEXIS 64440, 2010 WL 2653458 at *39-40 (E.D. Mo. June 29, 2010); *Plumb v. Astrue,* 2012 U.S. Dist. LEXIS 141273, 2012 WL 4513816 at *57-59 (E.D. Mo. Sept. 28, 2012).

The ALJ failed to mention the regulations governing obesity or discuss the effect of obesity on Mr. Mahan's other impairments. This was error. *Miller v. Astrue*, 2011 U.S. Dist. Lexis 86983, 2011 WL 3439273 at *10-13 (D. N.D. July 13, 2011) (ALJ's failure to even mention obesity required reversal).

### IV. Conclusion

For the reasons stated above, the ALJ's decision, due to error at step two, is not supported by substantial evidence.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 18th day of July, 2022.

_____
UNITED STATES MAGISTRATE JUDGE